to convey real property, or, if specific performance could not be decreed, then for damages. The court, having acquired jurisdiction in equity, should have granted whatever relief the plaintiff was entitled to, and should not have dismissed the complaint with costs. Under the facts of this case, if specific performance could not be granted, then the plaintiff was entitled at least to the return of his deposit money, amounting to $200, and to his reasonable expenses in examining the title. We find no proofs in the case as to the latter item. The plaintiff attempted to establish a claim for damages for breach of the contract; that is, the difference between the agreed purchase price and the reasonable market value of the property. We think that under the particular wording of the contract, the proofs did not entitle him to such damages; but, as to his deposit and expenses, he was clearly entitled to recover, when specific performance was refused.

The judgment is reversed, and a new trial granted, costs to abide the final award of costs. All concur, except THOMAS, J., who dissents.

---

(86 Misc. Rep. 20)

FRANKLIN BLDG. CO. v. FINN.

(Supreme Court, Appellate Term, First Department. June 10, 1914.)

LANDLORD AND TENANT (§ 298*)—REMOVAL OF TENANT—SUMMARY PROCEEDING—CLAIMS OF TENANT.

    A tenant, in a summary proceeding for his removal for nonpayment of rent, may not set up a counterclaim for damages caused by negligence in performing work pursuant to an order of the Public Service Commission, in connection with the construction of the subway, where the work was done by an independent contractor over whom the landlord had no control.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

    Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceeding by the Franklin Building Company, landlord, against John B. Finn, tenant, to recover leased premises for nonpayment of rent. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Carter, Ledyard & Milburn, of New York City (John G. Milburn, Jr., and Thomas S. Doughty, both of New York City, of counsel), for appellant.

Lyttleton Fox, of New York City (Ernest Rhea Early, of New York City, of counsel), for respondent.

GUY, J. The plaintiff landlord herein appeals from an order, based upon the verdict of a jury, dismissing its petition to remove the defendant tenant for nonpayment of rent. The nonpayment of rent and other necessary proof required of the landlord were admitted; but the

---

defendant interposed various counterclaims for damages alleged to have been suffered by reason of various alterations of the building during the term of the lease, and plaintiff's negligence in connection therewith. At the close of the case, plaintiff moved to dismiss all of defendant's counterclaims, which motion was denied, and an exception taken.

The seventh and eighth counterclaims are for damages caused by the negligent manner of performing work pursuant to an order issued by the Public Service Commission in connection with the construction of the subway. The evidence shows clearly that this work was done by the Degnon Construction Company, an independent contractor, over which company the plaintiff had no control, and for the acts of which it could not be held legally liable. The submission of these counterclaims to the jury was error, highly prejudicial to plaintiff, and must have largely influenced the jury in rendering a verdict in favor of defendant, which, in effect, was a finding that defendant had suffered damage under the various counterclaims submitted to them, in excess of the amount of rent due, $2,916.70.

As to the other counterclaims, they consisted principally of demands for damages caused by the negligent manner of doing work required by the municipal authorities, or repair work, which, under the provisions of the lease, the tenant was obligated to do, and which plaintiff undertook to do at the request of the defendant. As to these items, the proof as to negligence in the manner of doing the work, and as to the extent of the damage thereby suffered by defendant, is vague and, inconclusive, and not sufficient to support the jury's verdict.

For these reasons the judgment and final order should be reversed, and a new trial granted, with costs to appellant to abide the event.

PAGE, J., concurs. WHITAKER, J., dissents.

